AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | 18-MJ-5154-JGD |
| MICHAEL LEBRON | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 27, 2018 _____ in the county of _____ Suffolk _____ in the _____ District of _____ Massachusetts _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC §922(g)(1) | Felon in Possesion of Ammunition |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert Jacobsen, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 10/15/2018 _____

_____
*Judge's signature*

City and state: _____ Boston, MA _____

Judith G. Dein, United States Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Robert Jacobsen, Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives, being duly sworn, state as follows:

1.    I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since November, 2017. I received 15 weeks of Criminal Investigator training at the Federal Law Enforcement Training Center and 17 weeks of ATF Special Agent training at the ATF National Academy. I was trained in Federal criminal law, firearms, and criminal investigation techniques.

2.    Since joining ATF, I have investigated federal firearms violations which has included participating in the controlled purchases of firearms, surveillance of firearms traffickers, interviews of suspects, participating in search warrants, and electronic surveillance. I have investigated firearms trace data, classified advertisements, and online websites and forums in which firearms sales are facilitated.

3.    Prior to my employment with the ATF, I was employed for approximately two-and-a-half years as a Deputy Sheriff with the Loudoun County Sheriff's Office in Loudoun County, Virginia. For approximately the last year of that employment, I operated

1

as a member of the Special Operations Unit, a full-time SWAT team and Street Crimes Criminal Suppression Unit. I was trained and certified by the Columbus Police Department as a SWAT operator and hold numerous training certificates in domestic and foreign weapon systems, street crimes, criminal narcotic operations, and gang organizations. Prior to joining the Special Operations Unit, I spent approximately one-and-a-half years in a patrol function, responding to public emergency calls for service, investigating crimes, and testifying in court. I graduated from the Northern Virginia Criminal Justice Academy with Virginia state certifications as a Police Officer and Jail Corrections Officer. I received a Bachelor's of Science Degree from George Mason University.

4.    I personally participated in the investigation of **MICHAEL LEBRON ("LEBRON")**. I have reviewed **LEBRON's** criminal record as maintained by the Massachusetts Criminal History Systems Board. It reveals, among other things, that **LEBRON** was convicted in 2012 in Dorchester District Court on charges of Assault with a Dangerous Weapon and Larceny from the Person. I have determined these are both crimes punishable under Massachusetts law by imprisonment for more than one (1) year and therefore preclude **LEBRON** from both possessing a firearm or

2

ammunition that has been shipped or transported in interstate commerce and from obtaining a federal license to deal in firearms.

5.    I am familiar with the facts and circumstances of this investigation based upon: (a) my personal knowledge and involvement in the investigation; (b) my discussions with fellow agents and state/local law enforcement personnel who assisted in the investigation; (c) interviews of witnesses; (d) my review of reports; and (e) my experience and training as a criminal investigator.  Because this affidavit is being submitted for the limited purpose of establishing probable cause for the requested criminal complaint, I have not set forth every fact learned during the course of the investigation.

6.    Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate commerce.  Having so stated, I make this affidavit in support of a criminal complaint charging **LEBRON** with being a felon-in-possession of ammunition in violation of that statute.

7.    On September 26, 2018, this court issued Search

3

Warrants authorizing the search of 547 Adams Street #21, Dorchester, MA and a White Jeep Cherokee bearing New Hampshire License Plate 4205186, the residence and automobile of **LEBRON**. Among other things, those search warrants authorized the seizure of firearms and ammunition

8.    On September 27, 2018, other ATF agents and I went to 547 Adams Street #21, Dorchester, MA to execute the Search Warrants issued by this Court.  After knocking on the front door to the apartment, **LEBRON** answered the door and was detained in hand restraints in the hallway. **LEBRON** was found to be the only occupant of the apartment and the apartment was cleared by agents. Once the house was determined safe, I provided a seat for **LEBRON** inside the apartment. In the presence of other ATF agents, I read **LEBRON** his Miranda Rights and he told me that he understood them. I advised **LEBRON** who I was and told him we were there to execute federal search warrants authorizing the seizure of, among other things, firearms or ammunition.

9.    Agents searched the residence of 547 Adams Street. Inside of **LEBRON's** bedroom, agents located 208 rounds of assorted ammunition inside of a black bag. The ammunition was seized by ATF agents and placed into evidence.

4

10.   I inspected the rounds of ammunition recovered from the black bag in **LEBRON's** bedroom.   Based on my training and experience, the 208 rounds of ammunition are "ammunition" within the meaning of 18 U.S.C. §921(17)(A).

11.   The ammunition was also examined by ATF S/A Mattheu Kelsch, who is trained to perform interstate commerce nexus examinations.   S/A Kelsch examined the 208 rounds of ammunition recovered, and determined that all rounds of ammunition had been manufactured outside of Massachusetts, meaning that each round had traveled across state lines or international boundaries prior to being seized in Boston, Massachusetts on September 27, 2018.

12.   Based on the foregoing, I submit that there is probable cause to believe that, on or about September 27, 2018, **MICHAEL LEBRON,** having been convicted of a crime punishable by a term of imprisonment exceeding one year, did possess, in and affecting commerce, ammunition in violation of Title 18, United

States Code, Section 922(g)(1).

ROBERT JACOBSEN
SPECIAL AGENT, ATF

Sworn and subscribed to before me this 15th day of October,

2018.

JUDITH G. DEIN
U.S. MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

6